that you have a limited amount of time. You don't have to use the whole time if you don't need to, but when you get a yellow you have only two more minutes. When you get the red you're done. Unless we're still asking questions, you have to stop. And realize that on rebuttal you don't get the yellow, you just get the green and the red. So just reminding you all of the timing. So now we'll go ahead and begin our first oral argument, which is case number 25-30266, U.S. v. Lanaute, and we'll get Dustin Talbott. Good morning, Your Honors, and may it please the court. I'm Dustin Talbott and I represent Jonathan Lanute, who is the appellant in this case. This case raises the issue left open by the court in U.S. v. King, whether Louisiana armed robbery is a crime of violence under either the force clause or the enumerated offense clause of the sentencing guidelines. On de novo review, this court should reverse Mr. Lanute's career offender sentence for two reasons. First, Louisiana armed robbery is not a crime of violence under the force clause because under Borden and Garner, it is a general intent Louisiana crime that can be committed with less than intentional conduct. And there are Louisiana cases that support that reading. Second, well okay, get your second one out and I'll ask you a question about the first one. Second, Louisiana armed robbery is not a crime of violence under the enumerated offense clause for largely the same reasons that in Amendment 822, the Sentencing Commission incorporated the same mens rea from the force clause and the same mens rea from the Hobbs Act robbery. With respect to general intent, I did glance at the Louisiana Supreme Court case that said that. I just want to make sure what you're not saying are you're not saying that merely because it is classified as a general intent crime, therefore it cannot be a crime of violence. Because I thought we have cases that say, well the fact that it's a general intent crime, okay we have to look further. But merely because it's general intent doesn't automatically mean you can prove it through recklessness or negligence. Judge Duncan, that's a great question. And you asked me the same question in Portery. Oh did I? This court in Castillo-Rivera requires us to bring an actual case to the table from state court that supports the the interpretation of the state statute that we're raising. And so in Portery, in that we bring actual state cases that support that reading. So I'm prepared to do that today. And so we provide... I think the reason we do that is because you know we don't want to get into sort of this hypothetical, well I can imagine some scenario where... I mean it would be one thing if the statute said the mens rea can be recklessness, right? Then it would not be a crime of violence. So you have to bring cases? I do have to bring cases. And Your Honor, I'll tell you on that, using the word reckless is so difficult in this context because Louisiana doesn't use that word, right? Louisiana doesn't have a reckless mens rea. Instead it calls it general intent, right? And so I'll just say that when we bring these cases, you know, we brought four cases today and we think that these four cases show less than intentional conduct can be used to commit armed robbery. But they're not going to use the word reckless. I understand what you're saying. General is kind of a large circle. It's a circle and in there could be recklessness. That's a fair way. This is a general matter. That's correct, Judge. So we brought four cases, right? There's the Louisiana Supreme Court case in Smith and then there's three appellate court cases in Robinson, Johnson, and Davis. And I'll start with Smith because that's the one that the King Court discussed, right? And in Smith, the facts are that the victim is loading groceries into her car in the rain in a grocery store parking lot and the defendant and her boyfriend snatch her purse from her buggy, okay? Not from her person but from her buggy, right? And she turns around and sees the defendant's boyfriend run up and snatch the purse and run away, right? And the Louisiana Supreme Court in Smith points out that the victim does not see that the boyfriend is armed. She doesn't see a gun. She doesn't, there's no threatening words. There's no threatening language. There's no physical encounter. She just sees someone run up quickly, snatch her purse out of the buggy, and then run off. And the Louisiana Supreme Court says that's enough for armed robbery in Louisiana. And the reason is that, and I'm going to quote the Smith decision at 299, an ordinary person in the victim's position reasonably could have inferred a threat of bodily harm from the on-rushing Castro, that's the boyfriend, if she resisted, right? So this is this atmosphere of fear and intimidation that Louisiana armed robbery covers, right? That's one of the ways you can commit a robbery in Louisiana. And since it's a general intent crime, it does not matter that the defendant, his intent, right? He doesn't have to have intended to threaten someone, intend to scare someone. He doesn't have to intend to have any physical contact or force with them. As long as the actions... He didn't accidentally take the purse from the buggy. Sure, it's an intentional theft, right? It's an intentional taking, for sure. But the intentionality is at the taking of the property. The intentionality is not at the force or intimidation under the statute. And so if we go back to Borden, right? What Borden tells us is that to satisfy the force clause, the phrase against another when modifying use of force means that the defendant has to intentionally direct his action at or target another individual, right? So like that's what we're talking about. It's a use of force against a person. Well, what would you say if the buggy had not been... the buggy was next to her in Smith, right? I mean, if the buggy had been 50 yards away and he had run up and taken it, then... I guess that could... I guess it... So to be armed robbery, the item taken has to be like within the custody and control of the victim, right? So I guess if it was far enough away that... Yeah, I think that probably would just be a And so Smith is a Louisiana Supreme Court case that talks about armed robbery, says its general intent, and applies it to conduct that is less than intentional when we talk about intentionality in the use of force against the person of another, right? And so that is enough to satisfy Castillo-Rivera, right? That's an actual case that says exactly what my proposal of the mens rea of Louisiana armed robbery is. But we provided some other examples as well, right? Robinson is another good example of a case that applies to less than intentional conduct. This is the drive-through money exchange case, right? The defendant is driving through a restaurant and he gets into a dispute over the amount of change he is owed, and when the teller is showing him the money, he just takes all the change, smiles at the teller, and drives off, okay? And so, like, that's a theft under Louisiana law. But the appeals court in Robinson says that that theft became a robbery not because of any intentional conduct of the defendant, and here I'm going to quote Robinson at page 830, the evidence does not show the defendant used any threatening words or gestures, and the defendant did not use any physical force against the victim. But it became a robbery because of this intimidation element. And what happened is the victim said that he was scared and intimidated because the defendant used street slang, right, in their communications, and the use of that street slang from a neighborhood that the victim was not from scared him, and so it's a subjective victim fear that has nothing to do with the intentionality of the defendant. And so, in other words, in Robinson, he said, you're tweaking, right? So he told the cashier, he's like, you're tweaking, man, and that word apparently scared the cashier. And the cashier also said that he was intimidated by the demeanor of the case. But the case is clear, that's correct, right? And took it from the hand, but the court says the defendant did not use physical force. That's a quote on page 830. So took the change from the hand, right? And that's one of the reasons why I started with Smith, right? Because, you know, Smith is a similar example where no one's touching the victim, right? So I didn't want to fall into that, right? So of the four cases, both Johnson and Robinson involved taking from the hand of a person, and then Smith, the Supreme Court case, and Davis, another appeals court case, involved taking something that's not in the physical, you know, hands of someone else. So Davis is the liquor theft, right? So there's a bar in Raceland, and Mr. Davis and his co-defendant, they get into a bar fight with the bouncer and some other people, and in the midst of this fight, Mr. Davis goes behind the bar and steals some bottles of liquor, okay? He never threatens the bartender, he doesn't say anything to her about taking the liquor, never touches her. But the appeals court here uses the very interesting phrase. They say even though he did not, you know, use any physical force or threats against the bartender, the fighting that he was engaging in created an atmosphere of fear and intimidation such that the bartender would, a reasonable person, right, that's general intent, in the bartender's shoes, would not have felt like she could have stopped him, right? If she would have tried to stop him from taking the liquor, perhaps he would have been violent to her, and so her fear, it was enough, right? And so again, if we go back to Borden, an atmosphere of fear and intimidation does not meet the Borden standard, right? Borden requires an actual use of force directed at another individual. There's no question that Mr. Davis didn't direct any force at the bartender, right? He directed force at the people who was fighting, but not the bartender, and that's who the robbery was to. And so those four cases, right, the only one I didn't tell you the facts of is Johnson, and that's, okay, so Johnson is a victim who is in the lobby of a bank, and she's counting her change on a counter, and the defendant comes up beside her and snatches the change from her cash and walks out. The cash, I think, is on the counter. There's another part that says that some of it may have been in her hand, so that's kind of similar to Robinson, and he walks out. He never says anything to her. He doesn't physically touch her, but he takes cash, I guess that was hanging off her hand, and then he walks out, and when he says, hey, this was a theft to the appeals court because I didn't threaten her, I didn't touch her, I didn't do anything. The appeals court says, and I'm quoting Johnson at 46, openly and quickly approaching, being approached by a man who grabbed money from her caused the victim to scream, and she was crying and emotionally upset, and so the victim's reaction to being, like, quickly approached by a man who took her money created intimidation to her, and that's enough for a robbery under Louisiana law. Those facts are not enough for intentional use of force under Warden, and so these are four cases that we've brought that we think, individually, but certainly in combination, show that you can be convicted of a Louisiana simple robbery or armed robbery for less than intentional conduct, and that's all that's required, right, under the categorical approach. We have shown that I didn't, you know, there's a legal imagination on my extent. Here are four real examples of that, and so this court should find that under the Force Clause, Louisiana simple robbery and armed robbery, they have the same mens rea and the same force. Yeah, but on the armed robbery, don't you have to have an arm? Don't you have to have a gun? That's true. Something like that, so you couldn't be convicted of an armed robbery if you, if, well, Mr. X couldn't be convicted if Mr. X just walked up, took the money, and walked out, but had no arms of any kind, particularly no gun. That's correct, and Robinson, Johnson, and Davis, those cases are simple robbery cases that don't involve a firearm. Smith, the Supreme Court case, is an armed robbery case, and so, Your Honor, you're correct. To be an armed robbery, it's the same crime. You just have to have been armed with a dangerous weapon. But isn't having an, you know, an ability to shoot somebody when you're stealing from them a different arena than just running up and grabbing somebody's dollar? That's a good question, and I have a couple answers for that. First of all, the use of the firearm with armed robbery in Louisiana, you do not have to use the firearm to further the robbery. You don't have to show the firearm for it to be applicable, and the Supreme Court decision in Smith is the perfect example of this. The defendant in Smith, who took the buggy from the grocery cart, he had a firearm. He was convicted of armed robbery, and so was, so was Miss Smith, but the defendant, the victim never saw the gun. She testified she was not scared. She didn't see anything in his hands. She just saw a guy grab her purse and run, and so in Louisiana, you don't, the gun doesn't have to facilitate the robbery to make it an armed robbery. If you have a gun or a dangerous weapon on you and you commit a robbery, it's a sentencing enhancement, for good reason, right? Because being armed could quickly escalate that into a more dangerous situation. But as far as the force and intimidation element, the mens rea that we're talking about, it's identical between simple robbery and armed robbery. The only difference is the sentencing enhancement if you happen to have a gun during the robbery. But isn't a victim who sees a weapon confronted with a threat of force? 100%. Yes, Judge. If Louisiana armed robbery required that element, right? If Louisiana armed robbery required that the firearm be used to create the atmosphere of force or fear, then I couldn't make this argument, right? Then that would satisfy the force clause, right? Because certainly seeing a gun is a threat of force. But Louisiana, the elements of Louisiana armed robbery don't require that, right? They only require that you be armed. It could be in your pocket, right, while you commit the simple robbery. And being armed creates a sentencing enhancement that is called armed robbery, right? But, you know, I don't know if I'm saying this correctly, but you don't have to use the gun to satisfy the force or intimidation element. But the victim doesn't necessarily need to see the gun to feel a threat of intimidation. How many bank robberies have you heard of where someone walks in with their hand in their pocket and says, I have a gun or doesn't say that, but it creates the perception of a use of force or a threat of force? Yes, Judge Ramirez, it does. Just that fact is not, that's not one of the elements of Louisiana armed robbery or simple robbery. You're saying armed robbery could occur where the victim has no idea that the person has an arm. That's right. It's hidden in his jeans, whatever, it's in the side holster. But the person would not be unintentional or would not be reckless. Having a gun that they could hit somebody with when they're stealing from them, that doesn't make them reckless. Aren't they intentional then? Well, the statute doesn't require intentionality, right? The statute doesn't require that. But if they require that you have, that you are armed in order to be armed robbery, then you are being intentional. Right. But why is that not intentional? Well, it's not intentional as to the force and intimidation element, which is what we're talking about the mens rea on, right? So so the force and intimidation element can be committed with less than intentional conduct, right? You don't have to intend force on someone, you don't have to threaten force on someone. The fact that you have a gun that no one knows about does not change the analysis of whether you are required to use intentional force directed at the person of another. I agree there are many factual certain areas where that's satisfied, right? Where someone does, most armed robberies involve someone pointing a gun at someone to take something, right? Certainly that that involves the use of force. But under the categorical approach, under Borden, we're unconcerned with those specific facts, right? We're just looking at what the elements of Louisiana armed robbery are, and the elements of Louisiana armed robbery only require that there's a force or intimidation, and that can be satisfied with less than intentional conduct in the four cases that we've submitted. And so I see that my time's almost up. Okay, thank you. Save time for rebuttal. Now we'll hear from Mary Patricia Jones for the U. S. Thank you, Your Honor. May it please the court. My name is Patricia in this matter before talking about the individual cases that defendant has presented as his actual cases. Let me try and clear up what the actual case requirement is, because in the defendant's reply brief, he argued that it wasn't necessary that he show an actual prosecution where there was reckless or negligent conduct. He said, All I have to do is provide a case where the statute is interpreted in a certain way. And that's when he he says it's a general intent crime, and therefore we've satisfied the actual case requirement. But it seems to me that in response to Judge Duncan's question about the actual case requirement, my opponent admitted he's got to show a case where the statute was actually applied to conduct that was reckless or negligent. And I think that's absolutely required by this court's on bonk decision in Castillo Rivera. There's there's no getting away from that. And I would point as well to the more recent cases involving Louisiana statutes, the King case and the surreal case, which are both published. And in both of those cases, the court said the actual case requirement means that that the defendant must show that a conviction for reckless or negligent conduct was upheld by a court of appeals. So so that's what the actual case requirement is. Now, let's look at the four cases that Miss Jones. Thank you for that. Yes, Your Honor. You know, Louisiana uses these terms general and specific intent, and my colleagues may understand it. I studied it many years ago in my first semester of criminal law at L. S. U. But I kind of am fuzzy on the distinction. What is the distinction between general and specific intent in Louisiana criminal law? Well, Your Honor, the United States position has always been at Garner and to this day that general intent means specific intent or knowledge. Now, the Garner decision did not read it that way. But the United States position is that that is how you actually read the Louisiana Codal articles about general intent. General whenever the offender must have adverted to the criminal consequences as reasonably certain to occur. You didn't that matches the way I used to think of it. I think it was Professor. Oh, I forget his name. But anyway, it's specific until you want that thing to happen. And general intent is well, you may not want that thing to happen, but you know that it's going to happen, and you know it's going to. You may not want it, but you know it's gonna happen. That's exactly right. You're on it. That's how we interpret it. Now, I have to say that Garner did not see it that way. Garner said that Louisiana general intent includes recklessness and negligence as well. And and we are bound, but it doesn't have to. It doesn't have to correct. It doesn't have to. And in any particular case, it doesn't have to. So we look at these cases that the defendant has presented to see. Do these cases actually prosecute reckless or negligent conduct? Because I asked about that, and I I'm still wondering, like, did they show that it's a recklessness to carry your armed item? No, Your Honor. None of these cases actually found the defendant's conduct was reckless or negligent. None of them. And every one of them, all four cases were presented to this court in the King case, and the King case said there was no actual case. The opinion did not discuss Robinson, Johnson and Davis. It just left those out because presumably didn't find them to be particularly instructive. But it's did specifically to address the Smith case, and it said Smith quote never confirms that armed robbery can be committed recklessly or negligently. And that's at page 3 46 of the King opinion. So it's already been held by this court that King is not enough. Uh, additional excuse me, that that Smith is not enough. Additionally, the Smith case specifically held that there was sufficient evidence to show that that the defendant knew about the gun, which was the only question in the case was, did she know about her compatriots gone when they committed the armed robbery? There was even testimony from a witness in the backseat of the car that the defendant and her boyfriend both got out of the car, and it was the defendant who took the purse while her boyfriend held the gun to the head of the victim. Now there was conflicting evidence. There was some evidence she didn't know. There was evidence back and forth, but the court held there was sufficient evidence under the Jackson standard to convict her of being well aware of the gun. Additionally, not only that, the court specifically held that even if she didn't know about the gun, what she did know about was the plan to commit a crime of violence. And that's where the that's what's important. It's the it's the force or intimidation element that must be purposeful or knowing under Borden, the force or intimidation element. And the court held in Smith that the defendant contemplated misappropriation by the use of force. That's knowing. So that is, even if she didn't know about the gun, she did know that they were going to take this purse by use of force. I remember in law school robbery is somewhat counterintuitive. I mean, it's you think it's it's stick them up, you know, give me give me your get your money or your life. It can be that. We could also be taking something from somebody from your pocket. You know, I'm using force. It's a It's a minimal amount of force. But still, the law recognizes that the danger created by the use of that force constitutes robbery because you're taking it from the person of of the victim. Yes, Your Honor, that's that's correct. And so in this case, there was there was intentional use of force. And I do kind of think criminals might decide they're not interested in necessarily holding out the gun. But if the person won't give what they're trying to steal, then they'll hold out the gun. And as you say, that's doesn't strike me as reckless. That's that's correct. Your Honor. It strikes me as thinking through it will be kind of nice about this robbery. But now, boom, I'm gonna take out the gun. I mean, that kind of thing may come from a person, right? And robbery always involves either force use of force or threatened use of force, which is intimidation. And this court has interpreted the Louisiana armed robbery statutes use of the word intimidation to mean threat of force. And that was in the James case, which was one of the earlier cases where armed robbery was found to be a crime of violence. And admittedly, that case has been overruled by Borden it as to that particular holding. But it specifically, uh, analyzed the Robinson case and said that in Robinson, the demand from money at the fast food restaurant constituted a threat of force. So again, we don't have any question here about intentionality. Uh, another important thing to note about about these cases is particularly Robinson, Johnson and Davis is that the defendant is confusing the actus reyes, the intimidation or the force with the force with the force with the actus rights. The actus reyes requirement you could, he says, well, since all they needed to do to create intimidation was to, you know, beat people over the head or, um, grab money and use a certain demeanor that that is not intentional. Well, there's nothing in any of those cases that says that you can do that intentionally, or you could possibly do it recklessly. You could be running around with the mean look on your face and somehow scare people when you when you didn't mean to. But you can also do that purposely. Do you got an oral argument sometimes? Yes, sir. And please don't do it. And here's an example that helped me think of this about whether whether you can, um, just intentionally create this kind of intimidation or it has to be think of a parent. A parent can intimidate a child by a look, a tone of voice, a choice of choice of words, a demeanor. Mary Patricia Jones, you get in here right now. Now, I'm not saying that the parent intended to use force on the child, but it conveys a message of intimidation, and it's done with no more than a look and a tone of voice. That's what we had in the Robinson case. Okay? The mother didn't do that unintentionally or recklessly. She did that on purpose. She said, Mary Patricia, you get in here right now. That was intentional. And the reason the robber did it in Robinson was to get the money he wanted to scare that the fast food employee he wanted that guy to just give it up and be quiet. And the same thing with the bank case. When when the guy rushed in, the court of appeals held that when the guy rushed in from the side, he said she was quickly and openly approached, and that intimidated her. It made. They said she screamed, which showed she was intimidated. He and and there's no reason to believe that that was unintentional on his part. He didn't want her to not be afraid of him. He wanted her to be afraid so that he could get the money and get out of there. So we can't confuse the act of intimidating with what kind of mental state the defendant had when he was doing that intimidation. And that's the mistake that the defendant makes in all three of these cases. The defendant in his 28 J letter brought up a case from the 10th Circuit, this Campbell case, where the 10th Circuit found that there was plain error when the court held that the an armed robbery in Oklahoma constituted a violent felony under the force clause under the Armed Career Criminal Act. And the court reasoned that it's a general intent crime in Oklahoma, and Oklahoma says general intent can mean reckless, and therefore this is not a violent felony. The United States argued, Well, hold on court. There's no actual case been presented here. The 10th Circuit said no actual cases required and found that there was plain error. The difference between that case and this case is that we have Castillo Rivera. The 10th Circuit doesn't have the same actual case requirement, the same stringent actual case requirement. They said a defendant can establish a realistic probability through the statute's plain language and the state's interpretive case law or in certain circumstances by providing examples of actual prosecutions of conduct that does not meet the A. C. C. A. S. definition of a violent felony. That's not what Castillo Rivera held. In fact, the dissent in Castillo Rivera made that argument and said, Look, it's clear on the face of this statute that it's broader than the federal statute we're comparing it to. And the majority said it doesn't matter that it's clear on its face. What matters is that there's no actual case shown. And the entire analysis in Castillo Rivera was, Is there an actual case? And there were two aspects of it being overbroad. One was about the definition of a felony, and one was about the definition of a firearm. And when the court looked at it, at both of those issues, it said, This is what we've got to look at. On the first, the defendant provided no cases whatsoever. On the second, he provided cases, but the court said these don't apply. They didn't actually apply it to the non-generic conduct. So the Tenth Circuit case really doesn't help us because they don't have Castillo Rivera telling them how to judge a categorical approach case. The Supreme Court has never weighed in on that point. Well, the Supreme Court, the actual case requirement does come from the Supreme Court in Duenas-Alvarez. And Castillo Rivera, Duenas-Alvarez says that this requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility. And the defendant must at least point to his own case or other cases in which the state courts did, in fact, apply the statute in the special non-generic manner for which he argues. So the Supreme Court started this whole thing. There was a later case of Moncrief v. Holder, which Castillo Rivera relies on, and it specifically says the party must demonstrate that the state actually prosecutes the relevant offense in a non-generic manner. So the Supreme Court has weighed in on this. I'm not exactly sure why the Tenth Circuit found that there was an exception, but it did. But Castillo Rivera looked at both Moncrief and Duenas-Alvarez and said, no. It used the language that there is no exception to the actual case requirement. So there is no exception. The defendant, defense counsel did not mention the enumerated offenses clause in his argument, but I will mention that at least briefly. And that may be an easy way to resolve this case. Robbery is an enumerated offense, and the elements of Louisiana robbery match up with the elements of enumerated robbery, other than the statute we're dealing with here, armed robbery, requires that you be armed with a firearm or a dangerous weapon, not necessarily a firearm. So the Louisiana statute is narrower even than the federal definition in the sentencing guidelines. Now, the defendant argues that, well, the federal definition doesn't cover negligent or reckless conduct, and the Louisiana offense does, but actually there is no mens re requirement in the robbery definition. And this court has previously said, if there's no mens re requirement in it, on the face of it, there's no mens re requirement in it. You don't go... And they weren't talking about robbery. I don't want to... I'm sorry if I misspoke. They were talking about the definition for forcible sexual offense. The case is United States versus Alley, which is cited in my brief. And there, the defendant argued that his conviction for California rape did not qualify as a forcible sexual offense because, in California, the defendant can simply be negligent as to the victim's ability to resist, and that under the generic offense, that it required more. This court said, no. What you do is you look at the definition that's in the sentencing guidelines, and you match it up with the state statute. They looked at the definition of forcible sexual offense, and they said, on its face, it has no mens re requirement. That means there is no mens re requirement, and we do not look further. It specifically said there is no need to examine anything beyond the plain meaning of the guidelines if the offense category is defined in the guidelines. And the offense category of robbery is defined in the guidelines. It does not include a mens re requirement, and therefore it's not distinguishable from Louisiana robbery. This court has not held in a published opinion that robbery can be applied to reckless conduct, but in an unpublished opinion, the Garcia case, which is cited in my brief, the court held that the definition can apply to Texas robbery, which can be committed recklessly. And so the enumerated offenses clause is different. There's not a requirement that it be knowing or intentional. The requirement is there's no mens re requirement at all, and the Garcia case is consistent with the holdings of the court prior to there being a definition of robbery. The definition of robbery wasn't enacted until 2023. Prior to that, this court always held that Texas robbery, which on the face of the statute can be committed recklessly, was in fact a crime of violence. And so what we have here is that this is absolutely an enumerated offense of robbery, and there's no need to go any further than that. Thank you, Your Honor. All right. Thank you. Now we'll have the rebuttal. Thank you, Your Honor. I'll start by saying that that the Fifth Circuit is the only circuit that has the detailed actual case requirement that requires actual prosecutions. And so my colleague is correct that that is different about the Tenth Circuit. But I pointed that out to say that, you know, other circuits say armed robbery is not a crime of violence because it doesn't require the use of force. So it's not a novel concept that that we're bringing here today. But I want to talk about the word reckless. Okay? Um, the government in all of the post-Garner cases, you know, has this great line where they say, Hey, none of the cases they're pointing to use the word reckless. None of them say the defendant was reckless, and that will never happen in Louisiana law. There are no Louisiana cases that use the word reckless when it talks about mens rea, because that is not a mens rea in Louisiana. Reckless, as Judge Duncan said, is encompassed within this general intent regime, as Garner lays out clearly, citing to the Dane Cialino Law Review article. And so when we look at these cases like Robinson and Smith, we're never gonna see them say Miss Smith was reckless, Mr. Robinson was reckless. But if we look at their conduct compared to the gold standard of Borden, Mr. Robinson doesn't direct force at the person of another or threaten force at the person of another. And that's not my interpretation of Robinson. I'm going to quote Robinson. The evidence does not show that the defendant use any threatening words or gestures. The defendant did not use any physical force against the victim, right? So that eliminates Borden, right? The defendant in Robinson, based on this appeals court's holding, could not have used the force required in Borden. That's the actual case, right? Like, that's enough. Regardless of our different interpretations of what that conduct was like by that actual defendant, what was happening in that little drive-through in that moment, whether saying you're tweaking is intimidating, right? We all have different interpretations of that. But the holding by the court in Robinson says he didn't have the mens rea for the use of force that is required by Borden. And the last thing I want to talk about, it's the enumerated defense clause. And quickly I'll say that Amendment 822 changed all the government's arguments, right? Amendment 822 created a definition of robbery that mirrors Hobbs Act robbery. Hobbs Act robbery cannot be committed recklessly. Every court of appeals has held that, right? And so when the Sentencing Commission comes in and incorporates that definition, it is incorporating the mens rea of Hobbs Act robbery. And this came up in the WICWARE post-argument briefing that is discussed in the WICWARE footnote. And so for those reasons, Your Honors, this court should reverse Mr. Lanute's career offender sentence and remand for him to be sentenced within the lower offense level and criminal history category. All right. Thank you. We appreciate both sides. This case is now under submission.